# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 01-10859
Summary Calendar

—————————

METROPOLITAN LIFE INSURANCE CO.,

Plaintiff,

VERSUS

RICHARD E. COUCH, SR.,

Defendant-Appellant,

VERSUS

CHAD J. BURGESS AND KYLI A. COUCH,

Defendants-Appellees.

—————————

Appeal from the United States District Court
for the Northern District of Texas

—————————

January 31, 2002

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Richard Couch killed his wife in November 1997 and pleaded guilty of involuntary manslaughter. In October 2000, Metropolitan Life Insurance Company ("Metropolitan") sued in interpleader to clarify its obligation to pay benefits because of Martha's death. Martha's children, Kyli Couch and Chad Burgess, claimed that under Texas law, they were entitled to Richard's share because he had forfeited it by killing Martha.

The district court granted summary judgment in favor of the children, and Richard appeals *pro se*. Finding no error, we affirm.

## II.

We review a summary judgment *de novo* under the same standard applied by the district court. *King v. Ames*, 179 F.3d 370, 373 (5th Cir. 1999). The record is reviewed in the light most favorable to the nonmoving party, and the movant is required to "demonstrate that there are no genuine issues of material fact." *Id.*

## III.

Couch argues that the claim is prescribed, because in Texas, a wrongful death action must be filed within two years after accrual. TEX. CIV. PRAC. & REM. CODE ANN. § 16.0003(b) (Vernon 1986). This is not a wrongful death claim, however, but a dispute over contractual entitlements to insurance payments. In Texas, "a breach of contract claim is governed by a four-year limitation period." *Kan. Reinsurance Co. v. Congressional Mort. Corp.*, 20 F.3d 1362, 1369 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.0004 (Vernon 1986)). Thus, there is no doubt that the claims were timely filed, because Metropolitan initiated this litigation well within the allotted four-year period.

## IV.

Couch contends he cannot be deprived of his right to collect on the policy because he was not convicted of intentional homicide. Under Texas law, a life insurance beneficiary forfeits his rights only if he is a principal or accomplice in willfully bringing about the death of the insured. TEX. INS. CODE ANN. art. 21.23 (Vernon Supp. 2001). Couch was convicted only of involuntary manslaughter.

This, however, is not ground for reversal. "[I]t is settled law" in Texas "that the judgment in the criminal case [is] not binding upon the court in the civil proceeding." *Bounds v. Caudle*, 560 S.W.2d 925, 928 (Tex. 1977). This principle is "particularly applicable here where the conviction was based upon plea bargaining." *Id.*

## V.

Couch argues that the district court improperly admitted five affidavits submitted by the children because they were not "sworn statements" admissible under FED. R. CIV. P. 56. To the contrary, all five were sworn to be "true and correct" before a notary public and are proper summary judgment evidence under FED. R. CIV. P. 56(e). *Cf. Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305-06 (5th Cir. 1988) (finding that a notarized affidavit was not admissible as summary judgment evidence under rule 56(e), but only because it was "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury").

The summary judgment is AFFIRMED. All pending motions are DENIED.